UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                 **Hon. Hugh B. Scott**

         v.

                                                 10CR298A

                                                   **Report**
RICHARD LEE,                                   **&**
                                                  **Recommendation**

                Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 13). The instant matter before the Court is defendant's motion to dismiss two counts in the Indictment (Docket No. 18) and his motion to suppress statements and physical evidence (Docket No. 17). Separately, defendant moved for various discovery relief (Docket No. 17) and also moved for return of physical evidence (Docket No. 18); these motions will be addressed in a separate Order.

The Government has filed responding papers (Docket No. 20) and, at a status conference, the motions were deemed submitted on April 28, 2011 (Docket No. 23).

BACKGROUND

Defendant is charged with one count of smuggling a Honda Civic from Canada into the United States, in violation of 18 U.S.C. § 545, and making a false statement to officers of the United States Customs and Border Protection, in violation of 18 U.S.C. § 1001(a)(2) (Docket No. 12, Indict.). The Indictment also alleges a criminal forfeiture of any and all property

involved in the first count, namely the 1997 Honda Civic (id.). According to the Government (Docket No. 20, Gov't Response at 2-3), on February 22, 2010, defendant attempted to enter the United States from Canada via the Rainbow Bridge Port of Entry while driving a 1997 Honda Civic with New Jersey dealer license plates. As noted by the Government,

> "Lee was initially questioned by a Customs and Border Protection (CBP) Officer at the primary inspection lane and claimed to be the owner of the vehicle. Lee was referred to secondary inspection due to the license plates being listed as stolen. While at secondary inspection, Lee could not produce any documentation regarding the vehicle. A record check of the Vehicle Identification Number (VIN) revealed that the 1997 Honda Civic was registered to an individual in Canada.
> "While at secondary inspection, Lee was asked if he was importing anything into the United States and if he was transporting any currency greater than $10,000 (U.S. Dollar equivalent). Lee gave negative responses to these inquires and executed Customs Declaration Form 6059B with the same negative declarations. CBP Officers then found the total sum of $9,850 (U.S. Dollars) and $565 (Canadian Dollars) in Lee's possession. CBP Officers then contacted agents from Immigration and Customs Enforcement (ICE), who responded to the port and also interviewed Lee. Upon being provided his Miranda warnings by the ICE agents, Lee voluntarily agreed to waive those rights and speak to the agents about the vehicle in question and his travel to Canada. Upon concluding this interview, Lee was charged with the above-noted criminal violations."

(id.)

DISCUSSION

I.   Motion to Suppress Statements

Defendant seeks to suppress his confession that he possessed red envelopes, found to contain currency. During his interrogation by CBP officers, defendant was asked if he had currency. He did not disclose the contents of the red envelopes, unknown to him, that turned out to be currency (Docket No. 17, Def. Atty. Decl. at 23-24).

The Government argues that this search was a border inspection, excepted from the warrant requirement of the Fourth Amendment (Docket No. 20, Gov't Response at 14), see United States v. Flores-Montano, 541 U.S. 149 (2004); United States v. Ramsey, 431 U.S. 606, 616 (1977). Alternatively, the Government concludes that, if reasonable suspicion was necessary for the secondary inspection, such suspicion existed here from defendant having New Jersey plates that were reported as being stolen (id.). Defendant then gave statements during the secondary inspection in answers to routine questions about his admissibility into the United States and what his belongings were; he was not in custody and hence did not need to be advised of his Miranda[1] rights (id. at 15). A border stop is not deemed custodial for Miranda purposes (id. at 16, citing cases from 10th Circuit, which in turn cited cases from the 1st, 11th, and 5th Circuits). The Government next concludes that defendant failed to state a legal basis for suppressing his statements (id. at 16).

Defendant argues the coercion standard to suppress his statements but fails to allege how he was coerced or raise a fact issue as to the nature of his questioning that might suggest coercion. As the Government notes (id. at 15-16), defendant's detention and questioning was at the border and as such is not custodial for Miranda purposes. Border searches have been deemed to be reasonable under the Fourth Amendment "pursuant to the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country," Ramsey, supra, 431 U.S. at 616; United States v. Silva, 715 F.2d 43, 47 (2d Cir. 1983) (routine border inspection question falls outside of Miranda requirement as general questioning of citizens in the fact-finding process). Defendant's statements here were elicited during the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

inspection process. In Silva, the Second Circuit held that Miranda warnings were not required even during secondary inspection at the border, see 715 F.2d at 45, 47-48. Thus, the fact that defendant here was taken into secondary inspection did not constitute being in custody as to require advisement of Miranda warnings. Defendant's motion to suppress (Docket No. 17) his statements and physical evidence should be **denied**.

II.     Motion to Dismiss

For the smuggling count under 18 U.S.C. § 545 (and presumably for the forfeiture count), defendant contends that the Honda Civic brought into this country would need to have been invoiced for defendant to be liable for smuggling in that vehicle (Docket No. 18, Def. Atty. Decl. at 6). He concludes that no showing has been made that this vehicle needed to be invoiced where he had no intention to import the vehicle; defendant was using the vehicle to transport himself from Toronto, Ontario, Canada, to the Greater Buffalo International Airport and the vehicle then was to be returned to the car dealer in Mississauga, Ontario, Canada. (Id.) He also argues that statements he made about using United States license plates for transport in this country and Canadian plates for transport in Canada were not false and were taken out of context (id.). Therefore, defendant seeks dismissal of the smuggling count and the forfeiture count of the Indictment (id. at 8). The Government does not expressly address defendant's motion to dismiss.

To comport with Federal Rules of Criminal Procedure 7(c) and constitutional requirements, an Indictment must contain all elements of the offense so as to fairly inform the defendant of the charges against him and enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense, see Hamling v. United States, 418 U.S. 87, 117 (1974). Generally, recital of the words of the criminal statute itself is sufficient so long as

those words "'set forth all the elements necessary to constitute the offense intended to be punished,'" Hamling, supra, 418 U.S. at 117 (internal quotation omitted).

Section 545 provides that smuggling goods into this country occurs by

> Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or
>
> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law . . . .

18 U.S.C. § 545. Merchandise introduced into the United States in violation of this provision is subject to forfeiture to the United States, id. "Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section," id.

Defendant cites to a case under the predecessor statute to § 545 holding that an automobile is not subject to forfeiture where the vehicle was deemed to be used solely for transportation without any intention to remain in the United States (id. at 7, citing United States v. Gulares, 288 Fed. 54 (9th Cir. 1923)). Gulares arose in a prohibition enforcement action; defendant, a Canadian, had contracted to have his car used as a taxi in Vancouver, British Columbia, when that car was turned over to others who eventually used it to transport whisky into the United States, id. at 54-55. The district court found that the user intended to return to British Columbia and that its use was for temporary purposes, that the defendant user only intended the vehicle to be used as a taxicab in Vancouver, id. The Circuit Court of Appeals for

5

the Ninth Circuit held that the smuggling provision did not apply to this vehicle because "there was no intention whatever that the automobile should remain within the United States, nor was it brought into the United States with knowledge of the owner [the defendant]," id. at 55. Defendant also cites to two later Ninth Circuit cases (id. at 7) for the elements of § 545. In Steiner v. United States, 229 F.2d 745 (9th Cir.), cert. denied sub nom. Hadzima v. United States, 351 U.S. 953 (1956), the court recited that count one therein alleged a violation of § 545 without defendants there challenging whether they had merchandise that should have been invoiced under that section; instead, defendants argued that the psittance birds (parrots, parakeets, and birds with hooked beaks, see Duke v. United States, 255 F.2d 721, 723 (9th Cir.), cert. denied, 357 U.S. 920 (1958)) was not "merchandise" under that section. The Ninth Circuit rejected that contention, Steiner, supra, 229 F.2d at 748. Next, in Olais-Castro v. United States, 416 F.2d 1155 (9th Cir. 1969) (id.), the Ninth Circuit there held that § 545 was not a lesser included offense to importation of heroin in violation of 21 U.S.C. § 174. The Ninth Circuit, in reaching that conclusion, compared the elements of § 174 and § 545, including § 545's element that the merchandise should have been invoiced, Olais-Castro, supra, at 416 F.2d at 1158[2], 1157-58. To distinguish the narcotic smuggling from general smuggling offense, the Ninth Circuit held that it was not necessary for the Government to prove the elements of § 545 including that defendant acted with intent to defraud the United States or that the merchandise should have been invoiced, id. at 1158. But as with the earlier Ninth Circuit decisions in Gularas and Steiner, Olais-Castro was tried and defendants did not seek to facially challenge the underlying Indictments.

---

[2] The Ninth Circuit also noted that the two paragraphs of § 545 are two distinct offenses, 416 F.2d at 1157-58.

Here, defendant is making a facial challenge to the Indictment (see Docket No. 18, Def. Atty. Decl. at 6).  Defendant presents arguments, on his intentions and ICE's knowledge of them, that are better suited for the ultimate finder of fact rather than on a motion to dismiss.  Whether the Government knew, for example, that defendant intended only to use the Honda Civic as temporary transport, is a fact to be determined at trial.  On the face of this Indictment, it charges the terms of the first paragraph of § 545, advised defendant of the essential element of that offense, see United States v. Bowe, 360 F.2d 1, 8 (2d Cir.), cert. denied, 385 U.S. 961 (1966), and hence is facially sufficient.  Defendant's motion (Docket No. 18) to dismiss the smuggling and forfeiture counts in that Indictment should be **denied**.

CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss the Indictment (Docket No. 18) be **denied** and defendant's suppression motions (Docket No. 17) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Cr. P. 59(b) (2) (effective December 1, 2009) and W.D.N.Y. Local Criminal Rule 58.2(a) (3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 58.2(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 13, 2011